NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| FADI KANAFANI, | Civil Action No.: 07-11 (JLL) |
|---|---|
| Plaintiff, | OPINION |
| v. | |
| LUCENT TECHNOLOGIES INC., | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion for reconsideration filed by Lucent Technologies Inc. ("Lucent"). This Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies Lucent's motion.

**I.    BACKGROUND**

This case arises from the termination of Mr. Kanafani's employment with Lucent Technologies International Inc. ("LTII"), a subsidiary of Lucent, allegedly because of whistle-blowing activity. In his Complaint, Mr. Kanafani asserts claims against Lucent for violations of New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. §§ 34:19-1 to 34:19-8, and New Jersey's Wage and Hour Law, N.J.S.A. § 34:11-4.1. He did not bring any claims directly against LTII. On March 27, 2008, Lucent filed a motion for summary judgment seeking dismissal of Mr. Kanafani's claims. On September 18, 2009, this Court granted the motion with

respect to Mr. Kanafani's CEPA claim related to Lucent's decision to not rehire him in September 2006 and with respect to his New Jersey Wage and Hour Law claim. This Court denied Lucent's motion with respect to Mr. Kanafani's CEPA claim related to his June 2006 termination. Lucent presently seeks reconsideration of this Court's decision related to the June 2006 termination.

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id.. When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008) (emphasis added).

## III. DISCUSSION

Lucent asserts three basis for its motion. First, it asserts that "the Court overlooked the undisputed testimony that James Brewington had no involvement in Talmage Bursh's decision to terminate [Mr. Kanafani's] employment, and therefore, New Jersey law should not apply." (Br. in Supp. of Def. Lucent Tech. Inc.'s Mot. for Reconsideration Under L. Ci. R. 7.1(i), or Alternatively for Cert. of a Question of Law Under 28 U.S.C. § 1292(b) [hereinafter "Def.'s Br."], at 1.) Second, Lucent asserts that "the Court misapplied the law with respect to choice-of-law and forum selection clauses to the facts of the case." (Id.) Third, Lucent asks this Court to clarify its holding with respect to the effect of the Final Settlement Declaration. Finally, Lucent

requests that, if this Court will not reconsider its choice-of-law and forum selection clause decision, that it amend the September 18 Order and certify the question for immediate appeal pursuant to 28 U.S.C. § 1292(b).

### A. James Brewington's Testimony

Lucent states that "the Court plainly overlooked (or rejected) the undisputed testimony that Brewington, Lucent's then-President of Business Development, whose office was located in New Jersey, <u>was not in any way involved in the decision to terminate Kanafani's employment</u>." (Def.'s Br., at 3 (emphasis in original).) It further states that "there is absolutely no evidence that <u>any</u> Lucent employee was involved in any way with the termination decision." (<u>Id.</u> (emphasis in original).) Lucent then asserts that, "in the face of such undisputed evidence, it was inappropriate for the Court to 'infer' Lucent's 'agreement or acquiescence' in the termination decision." (<u>Id.</u> at 4.) This Court clearly did not overlook the facts pointed to by Lucent; they are all cited to and discussed in its Opinion. The Court acknowledged that Mr. Bursh testified that he alone made the termination decision, and that, at the time of the termination, Mr. Brewington testified that he did not know Mr. Kanafani. However, contrary to Lucent's view of the evidence, this Court found, despite this testimony, and based on other evidence submitted by Mr. Kanafani, that there was a disputed issue of material fact as to whether Mr. Bursh made the termination decision with the "agreement or acquiescence of Lucent officials in New Jersey given the oversight of LTII and its extensive involvement in compliance issues, including Mr. Kanafani's complaints." <u>Kanafani v. Lucent Techs., Inc.</u>, No. 07-11, 2009 U.S. Dist. LEXIS 85514, at *26 (D.N.J. Sept. 18, 2009).[1]

---

[1] Mr. Kanafani states that "[t]his Court presumably made a typographical error by identifying Mr. Bursh as a vice president of LTII when it intended to identify Lucent in accordance with Bursh's actual testimony." (Pl.'s Resp. to Def.'s Mot. for Reconsideration, at

Page 3 of 7

Evidence can be direct or circumstantial, and direct evidence may be disputed for purposes of defeating a summary judgment motion by circumstantial evidence and the reasonable inferences drawn therefrom. Lucent's real issue here is a disagreement with this Court's evaluation of the evidence–not a valid basis for a reconsideration motion. Therefore, Lucent's motion for reconsideration on this basis is denied.

### B.      Choice-of-Law and Forum Selection Clauses

Lucent asserts that the Court misapplied the law to the facts of the case. In other words, Lucent again disagrees with this Court's decision. Disagreement is not a valid basis for reconsideration; it is a basis for an appeal. To that end, Lucent alternatively seeks certification that this issue merits interlocutory appellate review under § 1292(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, to merit immediate review under § 1292(b), "[t]he order must (1) involve a controlling question of law, (2) offer substantial ground for a difference of opinion as to its correctness, and (3) if appealed immediately materially advance the ultimate termination of the litigation." Katz v.

---

6.) Mr. Kanafani is incorrect. Although this Court did not address it in its Opinion, contrary to Mr. Kanafani's assertions, the Court found Mr. Bursh's deposition testimony unclear. But, even if Mr. Bursh was only a vice president of LTII in the UAE reporting to Mr. Brewington and not a New Jersey employee, the Court found that, based on all of the facts presented and the inferences drawn therefrom in the light most favorable to Mr. Kanafani, the non-moving party, there was a genuine issue of material fact as to Lucent's involvement in his termination decision.

Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (internal quotations omitted). Such certifications are not meant to be used to challenge "a district court's application of the facts of a case to established legal standards." Arista Records, Inc. v. Flea World, Inc., No. 03-2670, 2006 U.S. Dist. LEXIS 73485, at *6 (D.N.J. Oct. 10, 2006) (citing Link v. Mercedes-Benz of N. Am., Inc., 550 F.2d 860, 863 (3d Cir. 1977)). There must be a "genuine doubt as to the correct legal standard." Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996). Finally, "[i]nterlocutory appeal under § 1292(b) is [to be] 'used sparingly.'" Id. (quoting 16 Charles A. Wright, et al., Federal Practice and Procedure, § 3929, at 134 (1977)).

Here, Lucent argues that "there is a difference of opinion as to whether the choice-of-law and forum selection provisions within [Mr. Kanafani's] Employment Agreement fall within the decisions in Garfinkel and Nuzzi . . . *or* whether the opinion in Martindale is controlling." (Def.'s Br., at 11 (emphasis added) (discussing Garfinkel v. Morristown Obstetrics & Gynecology Assoc., P.A., 773 A.2d 665 (N.J. 2001), Nuzzi v. Aupaircare, Inc., No. 08-1210, 2009 U.S. App. LEXIS 18000 (3d Cir. Aug. 12, 2009), and Martindale v. Sandvik, Inc., 800 A.2d 872 (N.J. 2002).) As framed by Lucent, it would appear that there is a conflict in New Jersey law. Lucent is incorrect. In Leodori v. Cigna Corporation, the Third Circuit stated:

> Garfinkel and Martindale *together* set forth two overarching tenets. First, consistent with federal law, a state cannot subject an arbitration agreement to more burdensome requirements than those governing the formation of other contracts. . . . Second, to be enforceable under those principles in New Jersey, a waiver-of-rights provision must reflect that an employee has agreed clearly and unambiguously to arbitrate the disputed claim.

814 A.2d 1098, 1104 (N.J. 2003) (emphasis added). The difference between Garfinkel and Martindale was the facts of each case, not the legal rule applied–that "a waiver-of-rights provision must reflect that an employee has agreed clearly and unambiguously to arbitrate the disputed

claim." This is the legal rule applied by this Court in this case. This rule is clear and was also applied by the Third Circuit in <u>Nuzzi</u>, an unpublished decision overturning a district court holding relied on by Lucent in its summary judgment motion. Lucent argues that "the choice-of-law and forum selection provisions [of this case] are most similar to the provision construed in <u>Martindale</u>," compared to the provisions evaluated in <u>Garfinkel</u>. (Def.'s Br., at 8.) This is an argument about the application of facts to law. As noted above, such a factual dispute is not an appropriate basis for immediate interlocutory appeal under § 1292(b). Additionally, Lucent overstates the holding in <u>Martindale</u>. There, unlike here, in addition to a broad general arbitration provision, the court, and subsequent courts, found significant the inclusion of an additional provision whereby the employee agreed "to waive [her] right to a jury trial in any action or proceeding related to [her] employment." It was the combination of the two provisions which the <u>Martindale</u> court found to be a clear and unambiguous waiver of rights. Such a provision is not present in Mr. Kanafani's employment contract. Therefore, this Court finds that there is not a genuine doubt as to the correct legal standard. Lucent disagrees with this Court's application of that law to the facts of this case. The Court denies Lucent's request for certification pursuant to § 1292(b).

### C.     Final Settlement Agreement

In its September 18 Opinion, this Court held that the Final Settlement Declaration, which provided that Mr. Kanafani had "no further rights or claims to any past or future payments or reimbursements from the Company," did "not bar [his] CEPA claims." <u>Kanafani</u>, 2009 U.S. Dist. LEXIS 85514, at *27. Lucent states in its present motion that "[i]t appears that the Court has ruled, as a matter of law, that the settlement agreement does not bar Plaintiff's claims." (Def.'s

Br., at 12.) Lucent states that "it is an error for the trial court to withdraw from the jury the question of the validity of a release," and, therefore, seeks clarification on whether it is "permitted to present the settlement declaration to the factfinder at trial." (Id. at 1, 12.) The Court finds this argument most peculiar. Lucent moved for summary judgment arguing that the Settlement Declaration barred Mr. Kanafani's claims–i.e. it argued that the Court should evaluate the provision and make a ruling *as a matter of law* that the declaration barred his claims. Clearly Lucent did not view the question of the scope of the release to automatically or always be a question for a jury. The cases cited by Lucent in its present motion make clear that when there is an underlying question of fact, the factual question should be submitted to the jury. They do not stand for the proposition that all questions regarding releases are factual questions for a jury. The Court finds that its Opinion does not need further clarification on this issue. To the extent that Lucent believes that the Settlement Declaration should be submitted as evidence at trial, such an argument is premature.

## IV. CONCLUSION

For the foregoing reasons, this Court denies Lucent's motion for reconsideration. It also denies its request for certification pursuant to 28 U.S.C. § 1292(b) of the choice-of-law and forum selection clause issue. An appropriate Order accompanies this Opinion.

DATED: November 4, 2009                /s/ Jose L. Linares
                                       JOSE L. LINARES
                                       UNITED STATES DISTRICT JUDGE